# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SHAHID TURNER-BEY,

  Petitioner,

v.

PATRICIA CUSHWA,

  Respondent.

Civil Action No.: SAG-23-1863

## MEMORANDUM

Shahid Turner-Bey, an inmate at Roxbury Correctional Institution ("RCI"), filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *See* ECF No. 1. In his Court-directed Amended Petition, Turnery-Bey seeks cancellation of a federal parole violation warrant and removal of the related detainer from his file at RCI. ECF No. 5. Respondent Patricia Cushwa moved to stay this matter because the U.S. Parole Commission had scheduled a dispositional revocation hearing concerning the challenged warrant and detainer. ECF No. 7. The motion was denied in favor of Respondent filing a status report notifying the Court of the Parole Commission's decision. ECF Nos. 11, 13. On January 22, 2024, Respondent filed their status report. ECF No. 14. For the reasons stated below, the Court will dismiss Turner-Bey's Amended Petition as moot.

## BACKGROUND

Turner-Bey was arrested on July 6, 1983, in Washington, D.C. and charged with first-degree murder and use of a handgun. ECF No. 5 at 1. He was convicted on October 21, 1984, of second-degree murder and use of handgun. *Id.* at 1-2. He was sentenced to 15 years to life by the D.C. Superior Court. *Id.* at 2. Turner-Bey was released on parole in October 1995. *Id.*

Turner-Bey was arrested in Maryland on January 20, 2005, for robbery. ECF No. 1 at 2. He was sentenced for the Maryland conviction on November 30, 2005. *Id.* The U.S. Parole Commission issued a parole violation warrant against him on February 28, 2005, and lodged it as a detainer. *Id.* Turner-Bey asserts that the Parole Commission failed to provide him with a copy of the warrant, a statement of the allegations underlying the parole violation, or a preliminary hearing. *Id.* He requested a revocation or dispositional hearing on the unexecuted warrant on August 6, 2019. *Id.*; *see* ECF No. 4-1 (Exhibit 1). Turner-Bey states that the detainer has had an adverse effect on his ability to participate in programs at RCI which would reduce his time, lower his custody classification, or participate in work release. ECF No. 5 at 2-3; ECF No. 4-2 (Exhibit 2).

Turner-Bey asserts that he was entitled to notice of the parole violation allegations and a prompt hearing following his arrest. ECF No. 5 at 3. He contends that the 18-year delay in disposition is unjustified. *Id.* He requests an order directing Respondent to cancel the parole violation warrant and directing RCI to withdraw the warrant from his file. *Id.*

## DISCUSSION

Respondent reports that following a dispositional revocation hearing on January 10, 2024, the hearing examiner recommended that the contested warrant, currently filed as a detainer, be withdrawn. ECF No. 14 at 2. On January 19, 2024, the Parole Commission issued a Notice of Action, stating that it adopted this recommendation. ECF No. 14-1 (Exhibit A). Respondent contends that the Petition is now moot because Turner-Bey has obtained the relief he sought from the Court and requests the Court to dismiss this case for lack of jurisdiction. ECF No. 14 at 2.

Ordinary principles of mootness apply to petitioners seeking federal habeas relief. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III,

§ 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

"A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party."  *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (alterations original) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)).  If the matter is moot, "the mootness, however it may have come about," would "deprive[ ]" this Court of its "power to act."  *Spencer*, 523 U.S. at 18.  "[Q]uestions of subject matter jurisdiction . . . may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).  Because Turner-Bey's warrant has been cancelled removing the U.S. Parole Commission's detainer, he has received the relief sought in his Petition and thus his claim is moot.

## CONCLUSION

For the reasons set forth above, the Amended Petition, ECF No. 5, will be DISMISSED without prejudice as Turner-Bey's claim is moot.  A separate Order follows.

April 1, 2024                                                 /s/
Date                                                           Stephanie A. Gallagher
                                                                United States District Judge